**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**ROGER L. ARBOGAST,**

       **Plaintiff,**

       **v.**                                      **Civil Action No. 3:14cv79
(Judge Groh)**

**DR. D. POLICARPIO and WEXFORD
MEDICAL SERVICE,**

       **Defendants.**

### REPORT AND RECOMMENDATION

### I. Procedural History

On July 14, 2014, the *pro se* plaintiff, an inmate incarcerated at St. Mary's Correctional Center ("SMCC") in St. Mary's, West Virginia, initiated this case by filing a filing a civil rights complaint against the above-named defendants pursuant to 42 U.S.C. §1983, alleging deliberate indifference and negligence.[1] Pursuant to a Notice of Deficiency by the Clerk of Court, the plaintiff corrected certain deficiencies with his pleadings. He was granted permission to proceed as a pauper on July 28, 2014 and paid his initial partial filing fee on September 11, 2014.

On September 15, 2014, the undersigned conducted a preliminary review of the complaint and determined that summary dismissal was not appropriate. Accordingly, an Order to Answer was entered, and summonses were issued for each of the defendants. On October 14, 2014, the plaintiff filed a Motion to Appoint Counsel, to which he attached several medical records. By Order entered on October 20, 2014, plaintiff's motion for appointed counsel was denied.

---

[1] This is the second case the plaintiff has filed over the same claims against two of the same defendants. The first was Case No. 2:13cv10, filed on January 30, 2013 against Dr. Policarpio and Wexford Medical staff, as well as SMCC and the W.V.D.O.C. It was dismissed on July 15, 2013 as to SMCC and the WVDOC for failure to name a proper defendant, and as to Dr. Policarpio and Wexford Medical staff, for failure to exhaust administrative remedies.

On October 20, 2014, the defendants filed a Motion to Dismiss. Because the plaintiff was proceeding *pro se,* the Court issued a Roseboro Notice on October 21, 2014. On October 29, 2014, the plaintiff filed his Response, along with another Motion for Appointment of Counsel. By Order entered November 3, 2015, plaintiff's second motion for appointed counsel was denied. On December 2, 2014, the plaintiff wrote a letter to the Clerk of Court, again expounding on his claims; it was received and docketed on December 5, 2014.

This case is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 2.

## II. Contentions of the Parties

### A. The Complaint

In the complaint, the plaintiff asserts claims of negligence and deliberate indifference to serious medical needs against the defendants. Specifically, he alleges that Dr. Policarpio "tried to kill" him by not giving him the proper medications necessary to keep him alive from some unknown point in time in October, 2012, until he ended up spending four days in the hospital in mid-January, 2013, as a result. He further alleges that Wexford Medical just "agrees to what the Dr. says be it correct or incorrect." He also makes an unclear claim about having a broken back, which he also attributes to the defendants' negligence.

Plaintiff maintains that he has exhausted his administrative remedies.

As relief, plaintiff seeks a jury trial and monetary damages of $100,000.00.

### B. Defendants' Motion to Dismiss

In their motion, the defendants argue that plaintiff's complaint should be dismissed because

1) plaintiff has failed to exhaust his administrative remedies;

2) Wexford Health Sources, Inc. is not a person under 42 U.S.C §1983, and therefore, the allegations of the complaint fail to state a claim for relief against Wexford Health Sources, Inc.;

3) the complaint fails to state a claim upon which relief can be granted against any defendant; and

4) plaintiff's negligence clams must be dismissed for failure to comply with the West Virginia Medical Professional Liability Act.

## C. Plaintiff's Response

Plaintiff reiterates his arguments and attempts to refute the defendants' on the same.

### III. Standard of Review

## A. Motion to Dismiss

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court

noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," (Id). (citations omitted), to one that is "plausible on its face," (Id. at 570), rather than merely "conceivable." (Id). Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir. 2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. (Id).

## IV. Analysis

### A. Failure to Exhaust

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. §1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. §1997(e)(a). Exhaustion as provided in §1997(e)(a) is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). An action under 42 U.S.C. §1983, is subject to the exhaust of administrative remedies. Porter v. Nussle, 534 U.S. 516, 524 (2002). The exhaustion of administrative remedies "applies to all inmate suits about

prison life, whether they involve general circumstances or particular episodes"[2] and is required even when the relief sought is not available. Booth at 741. Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *prior to* filing a complaint in federal court. See Porter at 524 (citing Booth at 741) (emphasis added). In addition, the Supreme Court has stated that "we will not read futility or other exceptions into statutory exhaustion requirements . . ." See Booth at 741, n. 6.

The PLRA's exhaustion requirement serves three main purposes: (1) to "eliminate unwarranted federal court interference with the administration of prisons;" (2) to "afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case;" and (3) to "reduce the quantity and improve the quality of prisoner suits." Woodford v. Ngo, 126 S. Ct. 2378, 2382 (2006). Pursuant thereto, "the PLRA exhaustion requirement requires *full* and *proper* exhaustion." Id. at 2387 (emphasis supplied). Full and proper exhaustion includes meeting all the time and procedural requirements of the prison grievance system. See id. at 2393.

In Jones v. Bock, the Supreme Court of the United States concluded that "failure to exhaust is an affirmative defense under PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints." Jones v. Bock, 549 U.S. 199, 216 (2007). However, it is a well-established Fourth Circuit principle that "the district court's authority to *sua sponte* dismiss an *in forma pauperis* complaint frivolous [is] broad enough to permit the court to dismiss a complaint on the basis of an affirmative defense that was apparent from the facts alleged in the complaint." Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 681-82 (4th Cir. 2005)(citing Nasim v. Warden, 64 F.3d 951, 954-55 (4th Cir. 1995)).

---

[2] Porter at 524.

The WVDOC has established a three level grievance process for prisoners to grieve their complaints in an attempt to resolve the prisoners' issues. The first level involves filing a G-1 Grievance Form with the Unit Supervisor. If the inmate receives no response or is unsatisfied with the response received at Level One, the inmate may proceed to Level Two by filing a G-2 Grievance Form with the warden/administrator. Finally, the inmate may appeal the Level 2 decision to the Commissioner of the Division of Corrections.

Here, while plaintiff maintains that he has fully exhausted his administrative remedies, the defendants argue that he has not. Upon review of the record, it seems apparent that the defendants are correct, and that there is no question but that the plaintiff has again failed to exhaust his administrative remedies. Despite plaintiff's argument to the contrary, he provided only a copy of two grievances in support; neither appears to be exhausted. The first, January 29, 2013 grievance number 13-75-029,[3] also submitted in plaintiff's previous case[4] on these same claims, was clearly never filed beyond the initial Level One as a grievance to his Unit Manager. The second is an unnumbered grievance, filed July 7, 2014.[5] It has no response from his Unit Manager; it was apparently received by the Warden's Office on an unknown date in July, 2014, and was rejected for having excessive pages and for not following proper procedure. There is no evidence in the record to suggest that plaintiff ever re-submitted it. The plaintiff filed the instant case on July 28, 2014; he could not have possibly had time to fully exhaust that grievance prior to filing suit. Plaintiff's response to the defendants' dispositive motion offers nothing in the way

---

[3] Dkt.# 10-2 at 2.

[4] See Case No. 2:13cv10, Dkt.# 9.

[5] See Dkt.# 10-2 at 3.

of explanation for his inexplicable failure to exhaust yet again; he merely repeats his claims and some boilerplate legal argument on deliberate indifference.

Despite the fact that the Supreme Court has stated that it "will not read futility or other exceptions into statutory exhaustion requirements . . . ," see Booth v. Churner, 532 U.S. at 741, n. 6, several courts have found that the mandatory exhaustion requirement may be excused in certain limited circumstances. See Mitchell v. Horn, 318 F.3d 523, 529 (3rd Cir. 2003) (summary dismissal for failure to exhaust not appropriate where prisoner was denied forms necessary to complete administrative exhaustion); Ziemba v. Wezner, 366 F.3d 161 (2nd Cir. 2004) (defendant may be estopped from asserting exhaustion as a defense, where the defendant's actions render the grievance procedure unavailable); Aceves v. Swanson, 75 Fed.Appx. 295, 296 (5th Cir. 2003) (remedies are effectively unavailable where prison officials refuse to give inmate grievance forms upon request); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001) (a remedy is not available within the meaning of §1997e(a) when prison officials prevent a prisoner from utilizing such remedy); Dotson v. Allen, 2006 WL 2945967 (S.D. Ga. Oct. 13, 2006) (dismissal for failure to exhaust not appropriate where plaintiff argues that failure to exhaust was direct result of prison official's failure to provide him with the necessary appeal forms).

Here, plaintiff clearly has failed to exhaust his administrative remedies. Additionally, to the extent that exhaustion may be waived, plaintiff has failed to set forth any reason at all, let alone any accepted reason, to excuse his failure to exhaust. Because plaintiff is now well outside of the time limits for bringing these claims, attempting to finish exhausting now would be futile, thus his claims must be dismissed with prejudice.

## V. **Recommendation**

For the reasons stated, the undersigned recommends that the defendant's Motion to Dismiss (Dkt.# 20) be **GRANTED** and the plaintiff's complaint be **DENIED** and **DISMISSED with prejudice** for the failure to exhaust.

Within **fourteen (14) days** after being served with a copy of this Report and Recommendation, **or by March 31, 2015**, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the United States District Judge. **Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation**. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

DATED: March 17, 2015

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE