**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**ROGER L. ARBOGAST,**

    Plaintiff,

**v.**                                    **CIVIL ACTION NO.: 3:14-CV-79
(GROH)**

**WEXFORD MEDICAL and
DR. D. POLICARPIO,**

    Defendants.

**ORDER ADOPTING REPORT AND RECOMMENDATION
AND DENYING MOTION TO APPOINT COUNSEL**

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge James E. Seibert. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Seibert for submission of a proposed R&R. Magistrate Judge Seibert issued his R&R on March 17, 2015. ECF 38. In the R&R, he recommends that this Court grant the Defendants' Motion to Dismiss, [ECF 24], and that the Plaintiff's 42 U.S.C. § 1983 Court-Approved Form Complaint, [ECF 10], be denied and dismissed with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and of a

plaintiff's right to appeal a court's order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

In this case, objections to Magistrate Judge Seibert's R&R were due within fourteen plus three days of the Plaintiff being served with a copy of the same. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Service was accepted at St. Marys Correctional Center in St. Marys, West Virginia, on March 23, 2015. On April 2, 2015, the Plaintiff filed a handwritten letter with the Court. Given the timing and nature of the filing, the Plaintiff's letter was docketed as both an objection to the R&R, [ECF 41], and as a motion to appoint counsel, [ECF 40]. In practice, the Plaintiff's April 2 filing is a motion to appoint counsel that does not raise any actual objection to the R&R. The Plaintiff states:

> I disagree with your[] decision for it is a miscarriage of justice to dismiss this action because I[']m not schooled in law and this court would not appoint me counsel to prove my issues have merit and deserve to be heard in front of a jury. . . . I would pray this court please appoint me counsel so I may perfect this case to meet this court[']s standards so I may proceed.

The Court does not construe any statement in the Plaintiff's April 2 filing as an objection to the findings or recommendation made by Magistrate Judge Seibert in his R&R. Instead, the Plaintiff argues that he was prejudiced by Magistrate Judge Seibert's denial of his two previous motions for appointment of counsel. Even if this Court construed the Plaintiff's averment that he disagrees with Magistrate Judge Seibert's decision as an objection to the R&R in general, the Court would not be obligated to conduct a *de novo* review. When a party files objections, "but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D.W. Va. 2009)

2

(citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)).

Accordingly, this Court has reviewed the R&R for clear error. Upon careful consideration of the record, the parties' filings and the R&R, the Court finds that Magistrate Judge Seibert committed no clear error.

Upon review of the Plaintiff's motion to appoint counsel, the Court finds that it should be denied. Federal courts are empowered under 28 U.S.C. § 1915(e)(1) to appoint an attorney to represent an indigent litigant in a civil action. While a federal court's power to appoint counsel is discretionary, such appointment should be allowed only where an indigent claimant presents exceptional circumstances. See Cook v. Bounds, 518 F.2d 779, 780-81 (4th Cir. 1975); see also Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982) (per curiam). The question of whether such circumstances exist in a particular case hinges on the characteristics of both the claim and the litigant. See Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. United States Dist. Court for S. Dist. of Iowa, 490 U.S. 296 (1989). Where a colorable claim exists but the litigant lacks the capacity to present it, counsel should be appointed. Id.

In the instant case, the Plaintiff has not presented exceptional circumstances justifying the appointment of counsel. While this marks the third time the Plaintiff has moved for appointment of counsel, it is doubtful that any attorney could remedy the deficiencies in the Plaintiff's claims. Critically, the basis for Magistrate Judge Seibert's recommendation of dismissal is the Plaintiff's failure to exhaust administrative remedies, which caused his claims against the same two Defendants to be dismissed in a previous case and again warrants dismissal.

For the above-stated reasons, it is the opinion of this Court that Magistrate Judge

Seibert's Report and Recommendation, [ECF 38], should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein. Accordingly, the Court **GRANTS** the Defendants' Motion to Dismiss. ECF 24. The Court **DENIES** the Plaintiff's Motion to Appoint Counsel. ECF 40. To the extent the Plaintiff's filling, [ECF 41], is construed as an objection to the Report and Recommendation, his objection is **OVERRULED**. The Court **DENIES** the Plaintiff's 42 U.S.C. § 1983 Court-Approved Form Petition, [ECF 10], and **ORDERS** that it be **DISMISSED WITH PREJUDICE**. This matter is **ORDERED STRICKEN** from the active docket of this Court.

The Clerk is **DIRECTED** to enter a separate Order of Judgment in favor of the Defendants and to transmit copies of this Order to all counsel of record and *pro se* parties.

**DATED:** April 15, 2015

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE

4